UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

CHARLES GREINER,

    Plaintiff,

  v.                                       COMPLAINT
                                            Case Number: 2:25-cv-1790

MILWAUKEE METROPOLITAN
SEWERAGE DISTRICT,

    Defendant.

---

Plaintiff, Charles Greiner, through his attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson and Tristan N. Bullington, in this Complaint alleges and shows to the Court, as follows:

**NATURE OF THE CASE**

1. Plaintiff, Charles Greiner, alleges that Defendant, Milwaukee Metropolitan Sewerage District violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et seq.*] by interfering with his FMLA leave and took adverse actions against him including termination of his employment because of his FMLA-protected absences.

**JURISDICTION AND VENUE**

2. Jurisdiction over Plaintiff's FMLA claims is conferred on this Court by 28 U.S.C. § 1331.

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, because Defendant resides in the Eastern District and its unlawful actions occurred in the Eastern District.

**CONDITIONS PRECEDENT**

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

**JURY DEMAND**

5. Plaintiff demands that his case be tried to a jury of his peers.

**PARTIES**

6. Plaintiff, Charles Greiner ("Greiner"), is an adult who resides at W181 N8592 Parkwood Court, Menomonee Falls, WI 53051.

7. Defendant, Milwaukee Metropolitan Sewerage District ("MMSD"), is a regional government agency that provides water reclamation and flood management services in the Greater Milwaukee Area, with its principal place of business at 260 W. Seeboth Street, Milwaukee, WI 53204.

**OPERATIVE FACTS**

8. Greiner commenced employment with MMSD on July 23, 2018, and was employed as an Infrastructure Analyst.

9. Greiner reported to Dan Shine, the Manager of the Infrastructure Team.

10. In 2021, Greiner discovered he had heart disease.

11. As a result of Greiner's heart disease, he had a number of medical appointments related to the treatment of his disability, including having a pacemaker installed.

12. Greiner utilized FMLA leave for his medical appointments.

13. In response to Greiner's documentation of his medical appointments, Shine contacted Greiner to confirm his whereabouts.

14. In August of 2022, Greiner's father became ill and began receiving treatment for heart disease.

15. On or around August 18, 2022, Greiner applied for intermittent FMLA leave to provide care for his father.

16. From August 18, 2022, through July 3, 2024, Greiner utilized intermittent FMLA to care for his father.

17. Shine scrutinized Greiner's leave and commented on Greiner's intermittent FMLA absences.

18. Greiner was allocated one hour for lunch, but infrequently finished his break because Shine would question Greiner when he was at lunch for only 40 minutes.

19. After Greiner took FMLA intermittent leave to provide care for his father, Shine's escalated his criticism of Greiner's work.

20. MMSD is covered by the FMLA.

21. Greiner was entitled to leave under the FMLA.

22. Greiner provided sufficient notice to MMSD of his intent to take FMLA-qualifying leave.

23. MMSD interfered with Greiner's exercise of his FMLA rights.

24. Greiner's protected conduct under the FMLA motivated MMSD to discipline Greiner and terminate his employment.

25. MMSD's discipline of Greiner and termination of his employment has caused him monetary and non-monetary damages.

## FIRST COUNT
## FAMILY AND MEDICAL LEAVE ACT
## RETALIATION § 2615(a)(2)

26. As and for a first count, Greiner re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

27. MMSD violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Greiner on account of her activity that would be protected by the FMLA.

28. The allegations more particularly described above regarding the intentional discriminatory practices of MMSD, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et seq.*]

29. MMSD's violation of 29 U.S.C. § 2615(a)(2) caused Greiner to suffer a loss of employment compensation and other damages.

## SECOND COUNT
## FAMILY AND MEDICAL LEAVE ACT
## INTERFERENCE § 2615(a)(1)

30. As and for a second count, Greiner re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

31. MMSD deprived Greiner of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that he was eligible for the FMLA's protections, MMSD was covered by the FMLA, Greiner was entitled to leave under the FMLA, he provided MMSD sufficient notice of his intent to take FMLA-qualifying leave, and MMSD denied his FMLA benefits to which he was entitled.

32. The allegations more particularly described above regarding the intentional discriminatory practices of MMSD, were not made with good faith or reasonable grounds for

believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*]

33. MMSD's violation of 29 U.S.C. § 2615(a)(1) caused Greiner to suffer a loss of employment compensation and other damages.

WHEREFORE Plaintiff demands relief as follows:

A. Judgment against the above-named Defendant awarding Plaintiff damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

B. judgment against the above-named Defendant awarding Plaintiff reinstatement and/or damages for monetary losses and expenses pursuant to 29 U.S.C. § 2617;

C. judgment against the above-named Defendant awarding Plaintiff costs, disbursements, prejudgment interest, actual attorney fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees pursuant to 29 U.S.C. § 2617;

D. judgment against the above-named Defendant awarding Plaintiff an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617;

E. such other relief as the court deems just and equitable.

Dated this 14th day of November, 2025.

*Electronically signed by Tristan N. Bullington*
Tristan N. Bullington, SBN: 1138110
Alan C. Olson, SBN: 1008953
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.

2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: TBullington@Employee-Advocates.com
Email: AOlson@Employee-Advocates.com